UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYSKOPLAN CONSULTING, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-10153 MEL ) |
| ADVANCED MICRO DEVICES, INC., | ) ) |
| Defendant. | ) ) |

## ANSWER

Defendant Advanced Micro Devices, Inc., by and through its undersigned counsel, hereby Answers the Complaint in this action as follows:

1. Defendant admits that this is an action in which purported causes of action for breach of contract and quantum meruit are alleged.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that it is a Delaware corporation, that its principal place of business is as alleged and that it conducts business in Massachusetts.

4. Defendant admits the general accuracy of the description of Plaintiff contained in Paragraph 4 of the Complaint and denies that Plaintiff successfully built, deployed or maintained an enterprise portal that leveraged legacy application infrastructure without the need to re-engineer back-end systems for Defendant.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that in or around March 2003, Plaintiff made a proposal to AMD to provide software consulting services in Texas and denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that on or about April 30, 2003, the parties entered into a Consulting Services Agreement and, in response to the remaining allegations contained in Paragraph 9, states that the Consulting Services Agreement itself is the best evidence of the terms of the agreement.

10. Defendant admits that Plaintiff began work in or around May 2003 and that Plaintiff submitted invoices for work allegedly performed and denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff has attempted to collect on invoices for work allegedly performed and denies that AMD is liable to Plaintiff for any amount.

## COUNT I

13. Defendant incorporates by reference Paragraphs 1-12 as if set forth fully herein.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that it has refused to pay Plaintiff's invoices and denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT II

17. Defendant incorporates by reference Paragraphs 1-16 as if set forth fully herein.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff failed to satisfy a condition precedent to payment for work under the parties' contract, namely that Plaintiff's software function in a production environment.

WHEREFORE, Defendant respectfully prays that judgment be entered in its favor and against Plaintiff and that the Court award Defendant all further relief that is just and proper.

Date: January 25, 2005                               Respectfully submitted,

                                                  Daniel E. Farrington
                                                  The Farrington Law Firm, LLC
                                                  4550 Montgomery Avenue
                                                  Suite 775 North
                                                  Bethesda, MD 20814
                                                  (301) 951-1538 (Tel.)
                                                  (301) 951-1544 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2005, the foregoing Answer was served upon the following person by United States mail, postage prepaid:

        Nelson G. Apjohn, Esq.
        Edward A. Baker, Esq.
        Nutter, McClennen & Fish, LLP
        World Trade Center West
        155 Seaport Boulevard
        Boston, MA 02210-2604

                                                  Daniel E. Farrington
                                                  The Farrington Law Firm, LLC
                                                  4550 Montgomery Avenue
                                                  Suite 775 North
                                                  Bethesda, MD 20814
                                                  (301) 951-1538 (Tel.)
                                                  (301) 951-1544 (Fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYSKOPLAN CONSULTING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED MICRO DEVICES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No: **05- 10153 MEL** |

## LOCAL RULE 7.3 CORPORATE DISCLOSURE STATEMENT

Defendant Advanced Micro Devices, Inc., by and through its undersigned counsel, hereby files this Local Rule 7.3 Corporate Disclosure Statement. Defendant's stock trades on the New York Stock Exchange (ticker symbol "AMD"). Defendant does not have a parent corporation and no publicly traded company owns ten percent (10%) or more of Defendant's stock.

Date: January 25, 2005

Respectfully submitted,

_____
Daniel E. Farrington
The Farrington Law Firm, LLC
4550 Montgomery Avenue
Suite 775 North
Bethesda, MD 20814
(301) 951-1538 (Tel.)
(301) 951-1544 (Fax)

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2005, the foregoing Local Rule 7.3 Corporate Disclosure Statement was served upon the following person by United States mail, postage prepaid:

>Nelson G. Apjohn, Esq.
>Edward A. Baker, Esq.
>Nutter, McClennen & Fish, LLP
>World Trade Center West
>155 Seaport Boulevard
>Boston, MA 02210-2604

>*[signature]*
>Daniel E. Farrington
>The Farrington Law Firm, LLC
>4550 Montgomery Avenue
>Suite 775 North
>Bethesda, MD 20814
>(301) 951-1538 (Tel.)
>(301) 951-1544 (Fax)

2